**IN THE UNTIED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

CURWIN D. BLACK,                    )
                                   )
           Petitioner,              )
                                   )
v.                                 )        Case No. CIV-22-63-SLP
                                   )
WILLIAM "CHRIS" RANKINS,           )
Warden,[1]                          )
                                   )
           Respondent.              )

## O R D E R

Petitioner, Curwin D. Black, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus.  He challenges his state court conviction and sentence for three counts of child sexual abuse after former conviction of two or more felonies in Case No. CF-2016-1128, District Court of Oklahoma County, State of Oklahoma.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell, who issued a Report and Recommendation (R&R) [Doc. No. 31] recommending that the Court deny habeas relief.

Petitioner timely filed an Objection [Doc. No. 32] to the R&R, and Respondent filed a Response to Petitioner's Objection [Doc. No. 34].  Thus, the Court must make a de novo determination of the portions of the R&R to which a specific objection is made, and may

---

[1] William Rankins is the acting Warden of the Oklahoma State Reformatory, where Petitioner is housed, and has been substituted as the named Respondent.  *See* Rule 2(a), Rules Governing Section 2254 Proceedings in United States District Courts.

accept, reject, or modify the recommended decision, in whole or in part.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).[2]

## I.    Issues Raised for the First Time in the Objection

### A.    Argument Regarding Petitioner's State Court Pretrial Judge

In a footnote on the first page his Objection, and for the first time in this action, Petitioner asserts he discovered a "love triangle" between Oklahoma District Judge Timothy Henderson and an unnamed "prosecuting attorney" after he filed his Petition.  *See* [Doc. No. 32] at 1 n. 1.  Petitioner states that Judge Henderson decided pretrial matters in his case, including a ruling on a motion to suppress DNA evidence.  *Id.*  He asserts that the Court should "conduct a de novo review of this allegation and attach as a claim of new evidence of Fourteenth Amendment 'due process' violation(s) in which prejudiced [him] of a fundamentally fair trial."  *Id.*

The only relief Petitioner requests—"de novo review of this allegation"—is procedurally improper and unavailable because "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d

---

[2] Petitioner also filed a Motion to Strike [Doc. No. 35], asking the Court to strike Respondent's original Response to the Petition for Habeas Corpus [Doc. No. 22] and its Response to his Objection [Doc. No. 34].  He asserts these filings should be stricken for violating Federal Rule of Appellate Procedure 32.1 and Rule 3.5 of the Rules for the Oklahoma Court of Criminal Appeals because they reference unpublished "case(s)" he is unable to access, and which were not attached or provided with those filings.  [Doc. No. 35] at 2-4.  He also asks the Court to sanction counsel for Respondent $10,000 "for every unpublished citing."  The Motion is DENIED.  Petitioner has not identified any case he has been unable to access, and he has represented in another filing he was able to conduct "a comprehensive review of westlaw."  [Doc. No. 33] at 2.  Westlaw provides access to a vast number of unpublished cases, and Petitioner has not shown he was unable to access any authority cited by Respondent.

1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived."); *Lowe v. Allbaugh*, 689 F. App'x 882, 884 (10th Cir. 2017) (finding a claim regarding ineffective assistance of counsel in a § 2254 action "was presented for the first time in [the] objection to the magistrate judge's report and recommendation" and was therefore "too late, creating a waiver."). Accordingly, this issue is not properly before the Court, and Petitioner has waived it for failure to raise it prior to his Objection.[3]

**B.    Ninth Amendment Claims and Arguments**

At the conclusion of his Objection, and at other points throughout, Petitioner asserts various claims and arguments based on the Ninth Amendment to the United States Constitution. *See* [Doc. No. 32] at 30-32, 44-46. In that final section, Petitioner includes an "explanation of rights under the Ninth (9th) Amendment" with fifteen numbered contentions regarding the Ninth Amendment. [Doc. No. 32] at 44-46. Elsewhere in his

---

[3] Petitioner says, as an aside, that this issue "is grounds for an abeyance or a second or successive habeas petition," but he does not actually request either one, *see id.*, nor would such a request be proper at this juncture. Petitioner does not request leave to amend to add such a claim, nor did he do so at any point in this action. Even if his statement may be construed as requesting leave to amend, it appears that would be futile because, as Respondent contends, his claim would be untimely under 28 U.S.C. § 2244(d)(1)(A), or § 2244(d)(1)(D), and it does not relate back to any of his existing claims. *See* Resp. to Obj. [Doc. No. 34] at 3-9; *see also Rodriguez v. Harding*, No. CIV-23-107-D, 2023 WL 6066149, at *6 (W.D. Okla. Aug. 21, 2023), *report and recommendation adopted*, No. CIV-23-107-D, 2023 WL 6066116 (W.D. Okla. Sept. 18, 2023) ("The allegations of the relationship were made publicly known on March 26, 2021, due to an administrative order filed in Oklahoma County District Court suspending Judge Henderson and a local news article published the same day."); *Pacheco v. Habti*, 62 F.4th 1233, 1240 (10th Cir. 2023), *cert. denied*, 143 S. Ct. 2672 (2023) ("A court therefore should not grant a habeas applicant leave to amend to assert new claims outside AEDPA's limitations period unless there exists 'a common core of operative facts uniting the original and newly asserted claims.'" (quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005))).

Objection, Petitioner asserts that the OCCA or the Magistrate Judge "failed to conduct any review under the Ninth (9th) Amendment. . ." *See, e.g.*, [Doc. No. 32] at 30-32.

Petitioner did not raise any Ninth Amendment claim or issue at any point prior to the R&R, *see* [Doc. Nos. 1, 22-2, 27], and he has therefore waived the issue. *See Chater*, 75 F.3d at 1426; *see also Garfinkle*, 261 F.3d at 1031. Accordingly, the Court may not consider Petitioner's arguments regarding the Ninth Amendment.

## II.    Request for Recusal of the Magistrate Judge

Throughout Petitioner's Objection, he asserts the Magistrate Judge who issued the R&R is biased against him, advocated on behalf of Respondent, and that she participated in ex parte communications with Respondent—though he attaches no evidence in support of those assertions. *See* Obj. [Doc. No. 32] at 2-10, 15-17, 25, 34, 44. Petitioner claims the Magistrate Judge is biased because she formerly served in the United States Attorneys' Office, and that she was a board member on a non-profit organization called "SafeKids Oklahoma." *Id.* at 2-4. Petitioner asserts the Magistrate Judge should have recused, that the R&R should be vacated, and that the case should be reassigned to a different Magistrate Judge. *Id.* at 10.

Petitioner cites no authority in support of his argument, but recusal of a judge is generally governed by 28 U.S.C. § 455. That statute provides: "[a]ny justice, judge, or magistrate judge of the United States shall *disqualify himself* in any proceeding in which his impartiality might reasonably be questioned." *Id.* at § 455(a) (emphasis added).[4] It is

---

[4] Section 455 also lists specific scenarios in which a judge shall "disqualify himself." *Id.* at § 455(b).

well understood that the phrase "disqualify himself" means a question of recusal must be decided by the judge to whom the motion is directed—not another judge. *See In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (A recusal "motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned."); *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) ("[S]ection 455 includes no provision for referral of the question of recusal to another judge"); *United States v. Osborn*, No. 2:15-CR-107-WPJ, 2015 WL 6750902, at *1 (D. Utah Nov. 4, 2015) ("Federal law is clear that a motion for recusal must be decided by the judge whose recusal is requested."); *Rose v. Utah State Bar*, No. 2:10-CV-1001-WPJ, 2011 WL 322635, at *1 (D. Utah Feb. 2, 2011) (collecting Circuit cases discussing the same rule).[5]

Accordingly, Petitioner's motion for recusal is not properly before the Court. The Magistrate Judge already considered and denied Petitioner's motion to recuse, [Doc. No. 29] at 5, and this Court is without authority to address Petitioner's argument.[6] The Court is tasked with de novo review of portions of the R&R to which specific objections have been made, and it therefore proceeds to address each issue in turn.

---

[5] Another statute, 28 U.S.C. § 144, provides for recusal where the party seeking recusal submits a "timely and sufficient affidavit" showing the judge has a personal bias or prejudice. But Petitioner submitted no affidavit in support of his argument, and any such filing would be untimely, so this statute has no application here.

[6] Petitioner also separately filed a "Memorandum" requesting a judicial investigation into the Magistrate Judge based on the same allegations. *See* [Doc. No. 33]. That filing is not properly before this Court. *See* 28 U.S.C. § 351(a); *see also* Guide to Judiciary Policy, Vol. 2E, Ch. 3, *Rules for Judicial Conduct and Judicial Disability Proceedings*, § 320, Rule 7(a)(1).

## III.    Objections to the Report and Recommendation

### A. Ground I: Jury Instructions

Petitioner raises various objections to the Magistrate Judge's discussion of his first claim for failure to correctly instruct the jury on the elements of the offense. *See* Obj. [Doc. No. 32] at 4-10, 22-28. This claim is premised on the state trial court's failure to instruct the jury on the elements of the underlying crime, 21 Okla. Stat. § 1123(A), as was required at the time to convict an individual pursuant to the charged offense, 21 Okla. Stat. § 843.5(E).[7]

As fully set forth in the R&R, the Oklahoma Court of Criminal Appeals (OCCA) applied Supreme Court decisions *Chapman v. California*, 386 U.S. 18 (1967) and *Neder v. United States*, 527 U.S. 1 (1999) and held that the instructional error was harmless where Petitioner did not object to the instructions at trial, and it was clear beyond a reasonable doubt that a rational jury would have found Petitioner guilty absent the error. R&R [Doc. No. 31] at 10-14. The Magistrate Judge ultimately found the OCCA's harmless error determination was not an unreasonable application of the *Neder/Chapman* test, and

---

[7] Although the statute has since changed, when Petitioner was convicted, Oklahoma defined "child sexual abuse" as "willful or malicious sexual abuse, which includes but is not limited to rape, incest, and lewd or indecent acts or proposals, of a child under eighteen (18) years of age by another." 21 Okla. Stat. § 843.5(E) (2014). The underlying offense of "lewd or indecent acts" was set forth in another statute, 21 Okla. Stat. § 1123(A) (2018). There is no dispute the trial court did instruct the jury on child sexual abuse under § 843.5(E). *See* R&R [Doc. No. 31] at 13. And there is no dispute the trial court defined the terms "willful," "malicious," "lewd," and "lascivious" for the jury. *Id.* As the OCCA and the Magistrate Judge explained, the trial court's error lies in its failure to also instruct on the underlying elements of lewd or indecent acts with a child, found in § 1123(A). *Id.* at 13-14; *see also* OCCA Opinion [Doc. No. 22-1] at 3-4; *A.O. v. State*, 447 P.3d 1179, 1182 (Okla. Crim. App. 2019) (holding the State was required to "prove each element of the underlying crime, [§ 1123], in addition to the elements of [§ 843.5].").

Petitioner had not shown the OCCA made an unreasonable determination of the facts nor rebutted its factual findings by clear and convincing evidence. *Id.* at 16-17.

Petitioner's primary objection is that the Magistrate Judge was biased against him, that she advocated for Respondent, and that she created a "novel idea" to rule against him. Obj. [Doc. No. 32] at 4-10. As explained above, Petitioner's recusal request is improper and may not be decided by this Court. As it pertains to de novo review of the R&R, however, the Court finds no indication whatsoever that the Magistrate Judge advocated on behalf of either party. The record reflects careful consideration of all issues raised by Petitioner, and that the Magistrate Judge liberally construed his pleadings as the law requires. *See, e.g.*, R&R [Doc. No. 31] at 9 n. 2, 9-12, 40-41.

Petitioner's only specific objection as it pertains to his first claim is that the Magistrate Judge applied the wrong legal analysis. *See* Obj. [Doc. No. 32] at 4, 22-28. He appears to contend that the OCCA and the Magistrate Judge should have considered the jury instruction issue as one of plain error rather than harmless error.[8] *See id.* at 4, 22.

---

[8] Petitioner states "the utilization of jury instruction(s) to supplement an undefined [and unconstitutional] statute which has no element(s) [was] PLAIN ERROR. . ." *Id.* at 22. He also discusses publication of Oklahoma Uniform Jury Instructions and, liberally construing his argument, contends those instructions impermissibly define the elements of the charged offense where the statutes themselves fail to do so. *See id.* at 23-24. He also appears to object to submission of jury instructions by attorneys. *See id.* at 24-28. None of this, however, is part of the argument he made on direct appeal regarding the jury instruction issue, which he relied on in his Petition. *See* [Doc. No. 1] at 21; *see also* [Doc. No. 22-2]. As such, Petitioner has waived these issues by raising them in connection with this claim for the first time in his Objection. *See Chater*, 75 F.3d at 1426; *Garfinkle*, 261 F.3d at 1031. In any event, this argument is more likely geared toward the merits of his void for vagueness challenge, which is unexhausted and subject to an anticipatory procedural bar. Despite this, the Court will liberally construe Petitioner's argument as one that the OCCA should have considered the jury instruction issue as plain error rather than harmless error.

Petitioner's contentions are without merit.  The very case he quotes, *United States v. Kahn*, expressly acknowledges that harmless error applies where the trial court "fails to include an element of the crime in the instruction" or where an instruction was given incorrectly.  *See* 58 F.4th 1308, 1317-18 (10th Cir. 2023); *see also* Obj. [Doc. No. 32] at 22-23.  He also cites *United States v. Gibbs*, No. 22-5020, 2022 WL 11512798, at *1 (10th Cir. Oct. 20, 2022), which involved a joint motion to remand where the parties agreed it was plain error for the district court to constructively amend the indictment via a jury instruction defining sexual contact.  *Id.*[9]  But at no point in this action did Petitioner raise constructive amendment like in *Gibbs*, let alone plain error due to constructive amendment.  Accordingly, any such argument has been waived.  *Chater*, 75 F.3d at 1426; *Garfinkle*, 261 F.3d at 1031.

Ultimately, the Court agrees with the Magistrate Judge that the OCCA did not unreasonably apply *Neder/Chapman*, and Petitioner has not shown OCCA made an unreasonable determination of the facts nor rebutted its factual findings by clear and convincing evidence.  *See Malone v. Carpenter*, 911 F.3d 1022, 1032-33 (10th Cir. 2018) (explaining that, although the OCCA had found an instructional error to be "plain," the OCCA had then made an "eminently reasonable" *Chapman* determination that the error

---

[9] Although it is unclear what exactly Petitioner intends to assert regarding *Gibbs*, the Court liberally construes his Objection as asserting that the OCCA or the Magistrate Judge should have found the trial court's failure to instruct on § 1123(A) was plain error due to constructive amendment rather than harmless error under *Neder/Champan*.  *See* [Doc. No. 32] at 4, 5.

was harmless beyond a reasonable doubt).[10]   In sum, the Court concurs with and fully adopts the Magistrate Judge's analysis of Petitioner's first claim, and nothing in his Objection alters that conclusion.[11]

### B. Grounds II and III: Prosecutorial Misconduct

Petitioner also objects to the Magistrate Judge's discussion of his second and third claims for prosecutorial misconduct.  [Doc. No. 32] at 29-31.  He points to pages 19-33 of the R&R and asserts that the Magistrate Judge was biased against him.  *Id.* at 29.  He states, without citing to the record, that the Magistrate Judge "alleges that [he] never argued that the ruling of the [OCCA on these issues] was contrary to law and/or unreasonable."  *Id.* He argues the Court's form for § 2254 petitions does not include a requirement or space for an argument that the state court decision was contrary to law or unreasonable, therefore the form itself was an unconstitutional impediment to presentation of his claims.  *See id.*

Petitioner has not appropriately objected to the R&R as it pertains to these claims. *See United States v. One Parcel of Real Property, Known As: 2121 E. 30th St.*, 73 F.3d

---

[10]  The Magistrate Judge's discussion of the issue as a harmless error analysis under *Neder/Chapman* appears to be the "novel idea" Petitioner refers to.  *See* Obj. [Doc. No. 32] at 4-6, 10.  But there is nothing novel about either of those cases or their application here, and the record does not support his contention that the Magistrate Judge advocated for Respondent in applying that standard: she merely discussed and analyzed the OCCA's decision on that issue.  *See* [Doc. No. 31] at 9-17.

[11]  Petitioner also asserts § 1123(A) is an "unrelated statute in which [he] was not charged with nor was it the Oklahoma [p]rosecution's intent to charge him with § 1123(A) and including the jury instructions. . . to supplement an unconstitutional statute that a criminal defendant was charged and then properly and timely appealed to this Court."  But Petitioner did not object to OCCA's discussion of § 1123(A) as the underlying offense in his Petition or at any point before the R&R was issued, and he has therefore waived this argument.  *Chater*, 75 F.3d at 1426; *Garfinkle*, 261 F.3d at 1031.  Moreover, to the extent this point relates to Petitioner's void for vagueness argument, that issue is addressed below.  *See* section III(F)(3), infra.

1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").  He cites to a range of approximately fourteen pages, which discuss numerous legal principles and multiple different claims, therefore it is entirely unclear which issue this objection relates to.  *See* [Doc. No. 32] at 29; [Doc. No. 31] at 19-33; *see also One Parcel*, 73 F.3d at 1060 (explaining a proper objection is one "that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute").

In any event, at no point in the portion of the R&R Petitioner cites does the Magistrate Judge decide an issue solely due to a failure by Petitioner to argue a ruling of the OCCA was contrary to law or unreasonable.  *See* [Doc. No. 31] at 19-33.  Indeed, the Magistrate Judge independently considered whether each finding was contrary to, or involved an unreasonable application of, clearly established federal law.  *See id.*  Nothing in that discussion indicates any degree of bias against Petitioner.  *See id.*  Moreover, Petitioner did not actually use the Court's form, *see* [Doc. No. 1], so his claim that the form was an unconstitutional impediment is without merit.

Petitioner references a few specific pages in the R&R regarding Grounds II and III, but he merely reasserts the merits of his claim for prosecutorial misconduct rather than raising an objection to the R&R or any error by the Magistrate Judge—and he does not contend that the OCCA's findings on these issues were unreasonable.  *See* [Doc. No. 32] at 30-31.  Upon review, the Court agrees with the Magistrate Judge that the OCCA was not unreasonable in finding the prosecutor's personal story during the first stage did not deny

Petitioner a fair trial, nor was the OCCA unreasonable in its determination that the prosecutor's comment about the victim not being able to "purge the memory of this" was a reasonable inference from the evidence. *See* [Doc. No. 31] at 23-26. Accordingly, the Court finds no error in the Magistrate Judge's analysis or conclusion as to Grounds II and III, and the Court adopts those conclusions in full.

### C. Ground VI (Jury Note) and VII (Cumulative Error)

Petitioner briefly objects to the Magistrate Judge's finding regarding Ground VI, [Doc. No. 32] at 30-31, which relates to the procedure the trial court followed in handling a note from the jury during the sentencing stage. *See* R&R [Doc. No. 31] at 32-34.[12] Petitioner solely contends that the OCCA failed to "apply a Ninth (9th) Amendment application to this claim." [Doc. No. 32] at 30-31. He similarly asserts that the Magistrate Judge failed to consider his cumulative error claim (Ground VII) under the Ninth Amendment. *See id.* at 31-32.

As explained above, Petitioner did not raise a Ninth Amendment claim or issue prior to the R&R, and he has therefore waived the issue. *See Garfinkle*, 261 F.3d at 1031; *Chater*, 75 F.3d at 1426. In any event, Petitioner does not actually make a legal argument regarding the Ninth Amendment or its application here, and the Court is unable to discern any cognizable Ninth Amendment issue. *See* Obj. [Doc. No. 32] at 30-31. Accordingly,

---

[12] The trial court correctly answered the legal question asked by the jury but did not follow the procedure for handling a jury note under 22 Okla. Stat. § 894—though Petitioner's trial counsel agreed to the procedure the trial court followed. *See* R&R [Doc. No. 31] at 32-33. The Magistrate Judge found it could not be said that the OCCA was unreasonable in determining that Petitioner was not deprived of a fair trial due to that procedural deviation. *Id.* at 34.

the Court concurs with and adopts the Magistrate Judge's findings regarding Grounds VI
and VII.

### D.   Ground VIII: Speedy Trial Claim

Petitioner objects to the Magistrate Judge's conclusion that his claim for violation
of his right to a speedy trial (Ground VIII) is procedurally barred.   Obj. [Doc. No. 32] at
32-40; R&R [Doc. No. 31] at 37-46.   The Magistrate Judge quoted the OCCA's finding
that Petitioner's speedy trial claim was procedurally barred under 22 Okla. Stat. § 1086 for
failure to raise it on direct appeal.   R&R [Doc. No. 31] at 38.   The Magistrate Judge
ultimately found that the waiver rule the OCCA applied is an independent and adequate
procedural rule, and Petitioner had not established cause and actual prejudice or a
fundamental miscarriage of justice to overcome the procedural bar.   *See id.* at 39-45.[13]

Petitioner argues his speedy trial claim is not procedurally barred because he "fairly
presented" ineffective assistance of counsel in his state court application for post-
conviction relief.   *See* [Doc. No. 32] at 32-34.   But Petitioner does not cite to any aspect of

---

[13] The Magistrate Judge explained that Petitioner had not shown cause to overcome procedural
default because, inter alia, his argument regarding ineffective assistance of counsel for failure to
raise the speedy trial issue on direct appeal had not been presented to the state court as an
independent claim. *See id.* at 41 (quoting *Murray v. Carrier,* 477 U.S. 478, 488-89 (1986) ("[T]he
exhaustion doctrine. . . generally requires that a claim of ineffective assistance be presented to the
state courts as an independent claim before it may be used to establish cause for a procedural
default.")). Petitioner contends that "general" rule does not apply here, but he does not adequately
explain why. *See* [Doc. No. 32] at 40. In any event, more recent cases have reiterated that the rule
stated in *Murray* applies in this situation. *See, e.g., Ponis v. Hartley*, 534 F. App'x 801, 805 (10th
Cir. 2013) ("Because [petitioner] did not assert ineffective assistance of appellate counsel to the
state courts, he may not now avoid procedural bar on this basis."); *see also Welch v. Milyard*, 436
F. App'x 861, 866 (10th Cir. 2011) (finding the petitioner was barred from asserting "ineffective
assistance as cause to excuse his procedural default" because he "did not present a separate and
independent claim of ineffective assistance of direct-appeal counsel to the state courts.").

the state court record and therefore has not shown he raised the issue there. *See id.*; *Garrett*

*v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot

take on the responsibility of serving as the litigant's attorney in constructing arguments."

(citations omitted)); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)

("Judges are not like pigs, hunting for truffles buried in briefs."), *cited with approval in*

*United States v. Griebel*, 312 F. App'x. 93, 97 (10th Cir. 2008).

In any event, upon review of the record, the Court concurs with the Magistrate Judge

that Petitioner did not raise ineffective assistance of counsel in his amended application for

post-conviction relief. *See* Am. App. [Doc. No. 22-18] at 1-14.[14]  Accordingly, the Court

agrees that Petitioner did not show cause sufficient to overcome the procedural bar of his

speedy trial claim, and the Court may not consider his arguments regarding the merits of

that claim. *See* [Doc. No. 32] at 34-36.

Petitioner next asserts there is a "positive conflict between" *Logan v. State*, 293 P.3d

969 (Okla. Crim. App. 2013)—cited by the Magistrate Judge in discussing Oklahoma's

procedural bar of issues a party failed to raise on direct appeal—and a provision of the

---

[14]  Although not cited by Petitioner, the Court notes that the only reference to ineffective assistance of counsel in the state court record appears in his first application for post-conviction relief, [Doc. No. 22-16] which was unverified and therefore not properly filed. *See* 22 Okla. Stat. § 1081 (a post-conviction "proceeding is commenced by filing a *verified* 'application for post-conviction relief'. . . Facts within the personal knowledge of the applicant and the authenticity of all documents and exhibits included in or attached to the application must be sworn to affirmatively as true and correct." (emphasis added)); *see also Dixon v. State*, 228 P.3d 531, 532 (Okla. Crim. App. 2010) (holding the petitioner's application to appeal out of time due to a post-conviction application in district court must be denied because the application for post-conviction relief had not been verified); *Millan v. Harpe*, No. CIV-22-933-HE, 2023 WL 4485945, at *3 (W.D. Okla. May 16, 2023), *report and recommendation adopted*, No. CIV-22-0933-HE, 2023 WL 4479288 (W.D. Okla. July 11, 2023) ("Oklahoma Courts have held that an application for post-conviction relief which is not verified is not 'properly filed'. . .").

Oklahoma Post-Conviction Procedure Act that provides a cause of action for post-conviction relief: 22 Okla. Stat. § 1080(6). [Doc. No. 32] at 36-40. But Petitioner did not raise any issue regarding a conflict between the Oklahoma waiver rule and § 1080(6) prior to the R&R—neither in response to Respondent's argument regarding procedural bar due to waiver, *see* [Doc. No. 27] at 3-11, or in challenging the OCCA's finding that his claim was barred for failure to raise it on direct appeal. *See* [Doc. No. 1]. Accordingly, Petitioner has waived the issue. *See Chater*, 75 F.3d at 1426; *see also Garfinkle*, 261 F.3d at 1031.[15] The same is true for his contentions regarding the Ninth Amendment, which he did not raise until his Objection. *See* [Doc. No. 32] at 32. Accordingly, Petitioner has not properly objected to the R&R, and the Court concurs with the Magistrate Judge's analysis and conclusion regarding his speedy trial claim.

### E. Unexhausted Claims: Grounds X (Ineffective Assistance of Appellate Counsel) and XI (Void for Vagueness Challenge)

Throughout his objection, Petitioner asserts various arguments regarding his last two claims: ineffective assistance of counsel, and a void for vagueness challenge to 21 Okla. Stat. § 843.5. *See* [Doc. No. 32] at 11-21, 41-44. The Magistrate Judge found these last two claims were unexhausted and subject to an anticipatory procedural bar because Petitioner would be raising them in a second state court application for post-conviction relief. *See* R&R [Doc. No. 31] at 47-51; *see also* 22 Okla. Stat. § 1086. The Magistrate

---

[15] Even if he had raised the issue, Petitioner's argument is without merit. The question properly before the Magistrate Judge was whether the Oklahoma waiver rule was "independent and adequate" for purposes of federal habeas review, and there is no doubt that it is. *See* R&R [Doc. No. 31] at 39 (citing *Cole v. Trammell*, 755 F.3d 1142, 1159 (10th Cir. 2014) and *Banks v. Workman*, 692 F.3d 1133, 1145 (10th Cir. 2012)).

Judge further found that Petitioner had not shown cause and actual prejudice or a fundamental miscarriage of justice to overcome the anticipatory procedural bar. R&R [Doc. No. 31] at 51-54.

In different sections of his Objection, Petitioner raises a few arguments regarding Ground X, XI, or both: (1) that exhaustion of Ground XI would have been futile because Oklahoma's Post-Conviction Procedure Act prevented him from bringing his claim, *see* [Doc. No. 32] at 41-44; (2) that page limitations applicable in state court were an unconstitutional impediment to assertion of Ground X, *id.* at 11-15; and (3) that the Magistrate Judge "misconstrued and mischaracterized [his] Ground XI and while doing such created a novel concept of law" that 21 Okla. Stat. § 1123 is an "underlining [sic] offense" to the statute under which he was convicted: 21 Okla. Stat. § 843.5. *See id.* at 15-19. Although Petitioner raises these arguments in a different order, and at both the beginning and end of his Objection, the Court discusses them in the order listed above consistent with the analysis for exhaustion and anticipatory procedural bar.

### 1. Futility (Ground XI)

Petitioner contends the Magistrate Judge should not have found his constitutional challenge (Ground XI) procedurally barred because "the exhaustion remedy is not required when a statute prevent(s) him from raising this claim." [Doc. No. 32] at 41. Although he does not cite to any particular statute, Petitioner discusses Oklahoma's procedural bar of "issues that could have been raised in a previous direct appeal proceeding but were not," *id.*, which is found in 22 Okla. Stat. § 1086. *See Logan*, 293 P.3d at 973 (citing § 1086 for this proposition). The Court liberally construes this as an argument regarding futility of

exhaustion as to Ground XI. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) ("[F]ederal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" (quoting 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii))); *see also Fontenot v. Crow*, 4 F.4th 982, 1020 (10th Cir. 2021) (same).[16]

Petitioner's argument regarding Ground XI is without merit. He fails to acknowledge that his constitutional challenge could have been brought on direct appeal, and he provides no explanation for why he was unable to do so. *Cf. Shores v. Dennis*, No. 22-6133, 2022 WL 17175570, at *2 (10th Cir. Nov. 23, 2022) ("a constitutional challenge to a statute . . . is a legal argument that has been available to [the petitioner] since the time of his conviction, regardless of whether [he] understood such legal argument."). As such, Petitioner has not shown an "absence of available State corrective process" or that the circumstances rendered such process ineffective to protect his rights. *See* 28 U.S.C. §§

---

[16] Petitioner expressly connects this futility argument to his constitutional claim, Ground XI. *See* Obj. [Doc. No. 32] at 41. Nevertheless, to the extent Petitioner contends this argument relates to Ground X (ineffective assistance of appellate counsel), *see* [Doc. No. 32] at 42, he does not explain why that issue could not have been raised in his initial state court application for post-conviction relief. *See Logan*, 293 P.3d at 973 ("Claims of ineffective assistance of appellate counsel may be raised for the first time on post-conviction, because it is usually a petitioner's first opportunity to allege and argue the issue."). Under these circumstances, the Magistrate Judge correctly found any such claim, if raised in a second state court application for postconviction relief, would be procedurally barred. *See Lay v. Royal*, 860 F.3d 1307, 1316 (10th Cir. 2017) (ineffective assistance of appellate counsel claim raised for the first time in a second post-conviction application was procedurally barred under Oklahoma law); *Cummings v. Sirmons*, 506 F.3d 1211, 1222-23 (10th Cir. 2007) ("readily" concluding an unexhausted ineffective assistance of trial counsel claim was barred: "[a]lthough the claim is technically unexhausted, it is beyond dispute that, were [petitioner] to attempt to now present the claim to the Oklahoma state courts in a second application for post-conviction relief, it would be deemed procedurally barred").

2254(b)(1)(B)(i)-(ii).[17]  To the extent the list of five cases Petitioner includes are intended to show constitutional challenges to § 843.5 are futile in state court, the cases he cites do not support his argument.  *See* [Doc. No. 32] at 42].[18]  Accordingly, the Court concurs with and adopts the Magistrate Judge's findings regarding exhaustion and anticipatory procedural bar of Ground XI.

### 2.  The State Court Page Limit (Ground X)

Petitioner objects to the Magistrate Judge's rejection of his argument regarding the twenty-page limit for motions in Oklahoma County District Court as cause to overcome anticipatory procedural default of his claim for ineffective assistance of counsel, Ground X.  *See* Obj. [Doc. No. 32] at 11-15; see also R&R [Doc. No. 31] at 51-53.  The Magistrate Judge explained that Petitioner used only sixteen of the twenty pages available and did not

---

[17]  Additionally, as noted, the Tenth Circuit has long held that Oklahoma's waiver rule is independent and adequate for purposes of federal habeas review.  *See Cole*, 755 F.3d at 1159; *Banks*, 692 F.3d at 1145.

[18]  Among the cases Petitioner cites, the only similar case is *McPhail v. Oklahoma*, where the OCCA found Petitioner's claim procedurally barred for the same reason: failure to explain why he could not have asserted the issue on direct appeal.  PC-2021-1082, 2-3 (Okla. Crim. App. Jan. 24, 2022).  Again, this does not show absence of corrective process, or that the process was ineffective to protect the rights of the applicant, but rather an unexplained failure to follow the process available.  On the other hand, the OCCA did address a constitutional challenge on direct appeal in one of the cases Petitioner cites, which further illustrates that there was a process available, and the state court process was not ineffective to protect Petitioner's rights.  *See Markham v. Oklahoma*, Case No. F-2019-718, 24-26 (Okla. Crim. App. Jan. 14, 2021) (holding on direct appeal that §§ 843(E), (F) were constitutional as applied to the Defendant.).  None of the other cases he cites dealt with the waiver principle. *See A.O. v. State*, 447 P.3d at 1182 (holding that the State must prove the elements of the underlying offense, 21 Okla. Stat. § 1123, and to find otherwise would risk rendering § 843.5 unconstitutional "for over-breadth and vagueness."); *see also Shores*, 2022 WL 17175570, at *1-2 (denying a certificate of appealability where the petitioner's § 2254 petition was untimely under 28 U.S.C. § 2244(d)(1)); *Armstrong v. Rankins*, No. 22-CV-0248-CVE-SH, 2023 WL 158907, at *1-4 (N.D. Okla. Jan. 11, 2023) (finding the § 2254 petition was time barred without any discussion of the § 1086 procedural bar).

ask for leave to file additional pages, therefore he "failed to show that some external impediment prevented him from raising [Ground X] in his initial post-conviction application" sufficient to overcome the anticipatory procedural default.  *See* [Doc. No. 31] at 52-53.  Petitioner asserts that the twenty-page limit is a "specific designed impediment that bars indigent and/or destitute inmate(s) from exhausting their claim(s) prior to filing habeas corpus." [Doc. No. 32] at 11.[19]

Petitioner's argument is without merit.  As the Magistrate Judge points out, he did not exceed the twenty-page limit, and he only used about fifteen of the twenty pages available to him.  *See* [Doc. No. 22-18].  Moreover, Petitioner could have sought leave to exceed the page limit, and he did not do so.  *See* Okla. Cty. Dist. Ct. R. 37(B) (permitting lengthier filings with "prior permission of the assigned judge").  Accordingly, Petitioner has not shown the Oklahoma County District Court page limit posed any impediment to assertion of Ground X (or Ground XI).

Petitioner relies solely on an unpublished district court case, *Cyr v. Crow*, No. CIV-19-1029-HE, 2020 WL 2549971 (W.D. Okla. May 19, 2020), which is not binding on this Court.  In any event, that case did not hold, as Petitioner contends, "that the Oklahoma Court Rule(s) governing page limit(s) to a post-conviction [application] are an

---

[19] The Magistrate Judge noted that Petitioner only raised this argument regarding the state-court page limit as to his ineffective assistance of counsel claim, Ground X, and he did not assert cause for failure to raise Ground XI.  R&R [Doc. No. 31] at 52 & n. 16.  Petitioner does not contend the Magistrate Judge misconstrued his argument, or that she should have considered it as applicable to Ground XI as well.  *See* Obj. [Doc. No. 32] at 11-15.  Even if his argument did pertain to both claims, however, the Magistrate Judge's reasoning applies with equal force: Petitioner has not shown the page limitation posed an impediment to presentation of these claims.

unconstitutional impediment specifically designed to prevent a prisoner from raising any and/or all claim(s) before the court for exhaustion." Obj. [Doc. No. 32] at 12. Instead, the court in *Cyr* specifically "conclude[d] that petitioner would have been able to sufficiently allege his bases for post-conviction relief within the pages allowed and that the state court processes were not ineffective to protect his rights." *See* 2020 WL 25499671 at *1.[20]

For all these reasons, the Court finds Petitioner's objection regarding the Oklahoma County District Court page limit is without merit, and it concurs with and adopts the Magistrate Judge's finding that Grounds X and XI are unexhausted and subject to an anticipatory procedural bar.[21]

### 3. Argument Regarding the Merits of Ground XI

Petitioner asserts that the Magistrate Judge "misconstrued and mischaracterized [his] Ground XI and while doing such created a novel concept of law that exist[s] nowhere. . ." [Doc. No. 32] at 15-16. Petitioner provides a lengthy argument that it was "novel" and incorrect for the Magistrate Judge to consider 21 Okla. Stat. § 1123 as an "underlining [sic] offense" to § 843.5, and she thereby advocated on behalf of Respondent. *See id.* at 16-17. He also contends that, in discussing § 1123 as an underlying offense, the Magistrate Judge "legislated from the bench" and acted outside the scope of Article III powers. *Id.* at 20-21.

---

[20] Petitioner omits this portion of the decision in his block quote from *Cyr.* [Doc. No. 32] at 13.

[21] Petitioner also asserts that the Oklahoma County District Court page limitation is unconstitutional because it was not included within the Oklahoma Post-Conviction Procedure Act passed by the Legislature. Obj. [Doc. No. 32] at 14. But he cites no authority for the proposition that local court rules are unconstitutional for not being part of a statutory scheme, nor does he otherwise explain the legal significance of this contention. *See id.* Accordingly, the Court finds Petitioner's argument without merit. *See Garrett*, 425 F.3d at 840 ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments.").

Petitioner's argument is not a proper objection to the R&R.  As explained above, the Magistrate Judge found habeas relief should be denied as it pertains to the void for vagueness challenge because that claim was unexhausted and subject to an anticipatory procedural bar. [Doc. No. 31] at 46-54.  Aside from his arguments regarding exhaustion and the state-court page limit, discussed above, Petitioner does not actually challenge any aspect of that conclusion.  *See* [Doc. No. 32] at 15-16; s*ee also One Parcel*, 73 F.3d at 1060 ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court.").[22]   His argument regarding § 1123 as the underlying offense is geared toward the merits of the void for vagueness challenge, which is barred from review for the reasons set forth in the R&R and discussed in this Order.  Accordingly, the Court fully concurs with and adopts the Magistrate Judge's findings regarding Grounds X and XI.

## IV.   Conclusion

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 31] is ADOPTED in its entirety, and the Petition [Doc. No. 1] is DENIED.

---

[22] Instead, Petitioner appears to zero in on another portion of the R&R where the Magistrate Judge summarizes the OCCA's discussion of § 1123(A) as the underlying crime, which actually pertains to the jury instruction issue discussed above.  *See* [Doc. No. 31] at 11-17.  But even if properly considered, Petitioner's argument is meritless.  Both the OCCA and the Magistrate Judge correctly refer to § 1123 as the relevant "underlying" crime for the version of § 843.5 in effect when Petitioner was convicted.  *See A.O. v. State*, 447 P.3d at 1182 (holding the State was required to "prove each element of the underlying crime, [§ 1123], in addition to the elements of [§ 834.5].").  Finally, it was the State who contended § 1123 was the underlying offense, *see* [Doc. No. 31] at 13, and the OCCA discussed it as such, *see id.*, so Petitioner's contention that the Magistrate Judge was biased, employed novel reasoning to assist Respondent, or "legislated from the bench" is plainly without merit.

IT IS FURTHER ORDERED that Petitioner's Motion to Strike [Doc. No. 35] is DENIED.

IT IS FURTHER ORDERED that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review, the Court finds that Petitioner has not made the requisite showing. The Court therefore DENIES a COA.

IT IS SO ORDERED this 4th day of February, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE